IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONYA HARRISON, | : | |
| | : | |
| *Plaintiff*, | : | Civil Action No.: 2:24-cv-3 |
| | : | |
| v. | : | |
| | : | |
| ECKERD YOUTH ALTERNATIVES, INC., | : | |
| | : | |
| *Defendant*. | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, Tonya Harrison, by and through her undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint.

## Nature of the Action

This is an action brought for Sex, Race, and Color Discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981, *et seq., as amended*, the Americans with Disabilities Act Amendments Act (ADAAA), as amended, 42 U.S.C. §12101 *et seq.*, the Age Discrimination in Employment Act of 1967 (ADEA), as well as the Pennsylvania Human Relations Act (PHRA), 43 Pa. C.S.A. §19, *et seq.*, as well as for retaliation under the various statutes, wrongful termination, and the creation of a hostile work environment. The Plaintiff, Tonya Harrison, seeks declaratory, injunctive, and compensatory relief for the discriminatory conduct, retaliation, and the hostile work environment she endured, and for being terminated from her position by the Defendant in this matter.

## Parties

1. Plaintiff, Tonya Harrison, is a black female individual, approximately fifty-two (52) years of age, and resides at 11329 Althea Road, Pittsburgh, Pennsylvania 15235.

2. At all times relevant hereto, the Plaintiff was a qualified individual, and otherwise possessed of all qualifications necessary to perform the essential functions of the job.

3. Defendant, Eckerd Youth Alternatives, Inc., is an employer within the meaning of the Act, with over fifty (50) employees, with a place of business at 7175 Highland Drive, Pittsburgh, Pennsylvania 15206.

## Jurisdiction and Venue

4. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, 1343, and 1367.

   A. Also, pursuant to 28 U.S.C. 1334 (3) and (4), which gives the district court's jurisdiction over actions to secure civil rights extended by the United States government.

   B. Also, pursuant to 28 U.S.C. §1367 giving the district court jurisdiction over state law claims.

5. This action arises in part under 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981(a).

6. This action also arises under the Civil Rights Act 42 U.S.C. Section 1983 for the violation of Plaintiff's constitutional rights by the Defendant, acting under color of state law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein (or later added) pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules

of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

8. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b)(c).

**Statement of Facts**

9. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

10. Ms. Tonya Harrison began her employment with Eckerd Youth Alternatives, Inc., on or about August 13, 2018.

11. She worked as a dorm coordinator, earning approximately $1,516.87 bi-weekly.

12. It is important to note that during the Plaintiff's employment, she had not received any prior verbal or written discipline of any kind and had never been placed on a Performance Improvement Plan.

13. It wasn't until after she sustained a work injury and filed for workers' compensation benefits that she received her first type of discipline, which was a suspension and then termination of her employment.

14. The Plaintiff was involved in a work injury that occurred on or about April 5, 2022.

15. On said date, she was moving lounge furniture and felt a strong pinching pain in her back.

16. The Plaintiff had completed a work injury report and notified her supervisor and human resources department.

17. Due to the injury she missed work on or about April 6, 2022, and until approximately April 12, 2022.

18. She had sustained injuries to her lower back area, and as a result was put on a Temporary Notice of Compensation Payable due to that injury.

19. On or about June 13, 2022, Ms. Harrison was suspended, and then terminated on June 20, 2022.

20. The reason given by the employer was for use of profanity in the presence of a student.

21. The Plaintiff believes these actions were retaliatory on behalf of the employer and seeks redress of her rights.

22. The students were actually kicked out of the facility two weeks later for their misbehavior that occurred during the Plaintiff's incident.

23. The employer does have progressive disciplinary policies, yet they did not follow said policies with Plaintiff.

24. The Plaintiff would also like to point out that the employer did not terminate two employees, a dorm coordinator and a residential advisor, after it was discovered that they were having sexual relations.

25. This type of conduct is against the employer's work policy, yet both individuals are still employed.

26. The Plaintiff believes these actions are discriminatory and retaliatory on behalf of the employer and seeks redress of her rights.

27. The Plaintiff filed a Charge with the EEOC on or about December 7, 2022.

28. The Plaintiff received her Notice of Right to Sue letter on or about October 4, 2023. (Exhibit 1).

## COUNT I: RACE DISCRIMINATION- TITLE VII & PHRA

29. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

30. Plaintiff, a black female individual, was fifty-two (52) years of age at the time of her termination, and fully qualified for her position.

31. The Defendant expressed discriminatory animus and committed discriminatory acts against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1) and the Pennsylvania Human Relations Act (PHRA).

32. The Plaintiff was ostracized, omitted, and treated inconsistently with regard to past practices and treated differently than white employees.

33. The Plaintiff was a minority within the Defendant's facility.

34. All immediate managers and supervisors the Plaintiff worked with were Caucasian.

35. The Defendant did not address or investigate the discriminatory and retaliatory conduct that was occurring in the workplace to the Plaintiff, and by implication created the environment that seemingly condoned such conduct.

36. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages,

declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT II: SECTION 1981 VIOLATION

37. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

38. The acts and conduct of the Defendant, acting under color of state law, where Plaintiff was subjected to race discrimination, retaliation, and a hostile work environment by Defendant was a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitutional and the Civil Rights Act, 42 U.S.C. Section 1981.

39. Plaintiff also exercised her constitutional rights under the United States Constitution by opposing and protesting Defendant's unlawful actions and complaining about being subjected to racial employment discrimination and a hostile work environment.

40. After complaining to Defendant of being subjected to race and color discrimination, Plaintiff was subjected to retaliatory actions by the Defendant for engaging in protected activities under the Constitution and the Civil Rights Act.

41. The Defendant also violated Plaintiff's Constitutional Rights by denying her equal protection.

42. The Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages pursuant to 42 U.S.C. Section 1981.

43. As a result of violations of the Civil Rights Act by the Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earnings power, loss of back pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT III: SEX DISCRIMINATION- TITLE VII & PHRA

44. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

45. The Defendant did not address or investigate the sex discrimination and retaliation that was occurring in the workplace to the Plaintiff.

46. Further, Plaintiff was talked down to by male employees in a way that female employees were not.

47. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT IV: AGE DISCRIMINATION- ADEA & PHRA

48. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

49. Plaintiff was fifty-two (52) years of age when terminated by the Defendant.

50. Plaintiff avers that the majority of individuals she worked with were in their twenties and thirties.

51. Plaintiff avers that she was treated differently, in that employees younger than her were not treated as severely for offenses that were as severe or ever more so.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT IV: AGE DISCRIMINATION- ADEA & PHRA

48. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

49. Plaintiff was fifty-two (52) years of age when terminated by the Defendant.

50. Plaintiff avers that the majority of individuals she worked with were in their twenties and thirties.

51. Plaintiff avers that she was treated differently, in that employees younger than her were not treated as severely for offenses that were as severe or ever more so.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## **COUNT V: DISABILITY DISCRIMINATION: ADAAA & PHRA**

52. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

53. The Defendant employer expressed discriminatory animus and committed discriminatory acts against the Plaintiff in violation of the Americans with Disabilities Act Amendment Act, as amended 42 U.S.C. §12010 et. seq., and the Pennsylvania Human Relations Act, 43 P.S. §951 *et. seq*.

54. The Plaintiff had been diagnosed with several medical conditions, related to a work injury that occurred on or about April 5, 2022, making her disabled within the meaning of the ADAAA, this definition would include regarding as or having a history of disability.

55. The Defendant was made aware of these disabilities, and accommodations were requested by the Plaintiff as a result of these disabilities.

56. The Plaintiff asserted her rights under the Pennsylvania Workers' Compensation Act.

57. Shortly thereafter, the Defendant suspended the Plaintiff on or about June 13, 2022, and terminated the Plaintiff on June 20, 2022.

58. The Defendant's actions were done with malice or reckless disregard of Plaintiff's federally protected rights.

59. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## **COUNT VI: RETALIATION: TITLE VII, ADAAA, ADEA, & PHRA**

60. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

61. Plaintiff advised and discussed her medical conditions, requested accommodations, need for leave, and rights to be free of discrimination on multiple occasions with the Defendant, which constituted protected activity under the ADAAA and PHRA.

62. As a result, Plaintiff was harassed, humiliated, and discriminated against by the Defendant in retaliation for the disclosure of her medical conditions, and the assertion of her rights under the ADAAA and PHRA.

63. The Plaintiff experienced ongoing harassment in the workplace from individuals concerning her complaints and requested accommodations.

64. Under the ADAAA and PHRA, a retaliatory action by an employer toward an employee for exercising their statutory rights is a violation of that statute and against public policy.

65. Plaintiff was harassed, humiliated, and discriminated against by the Defendant in retaliation for asserting her rights under Title VII of the Civil Rights Act, the ADEA, and PHRA by raising the issues regarding the sex, race, and age discrimination she endured.

66. The chronology of events in this matter demonstrates clear evidence that the conduct of the Defendant was done in retaliation for complaints and actions filed by the Plaintiff, which have drawn attention and focus to the discriminatory acts of the Defendant.

67. Not only did the Defendant not take measures to correct the discriminatory nature of their criteria, but they engaged in activities to question, discipline, and terminate the Plaintiff.

68. The Plaintiff exercised rights and opposed discriminatory conduct prohibited by Title VII of the Civil Rights Act, the ADAAA, ADEA, and PHRA.

69. Defendant's conduct in retaliation for Plaintiff's complaints constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. Section 2000e-.

70. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT VII: WRONGFUL TERMINATION

71. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

72. The Plaintiff suffered a work injury while in the employ of the Defendant on or about April 5, 2022.

73. The Plaintiff asserted her rights under the Pennsylvania Workers' Compensation Act.

74. Shortly thereafter, the Defendant terminated the Plaintiff on June 20, 2022.

75. The Plaintiff maintains that this was an intentional and retaliatory act by the Defendant in response to the Plaintiff's assertion of her rights under the Pennsylvania Workers' Compensation Statute, and in violation of public policy as established by the Pennsylvania Supreme Court in *Shick v. Shirey*, 716 A.2d 1231 (Pa. 1998).

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT VIII: HOSTILE WORK ENVIRONMENT

76. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

77. Plaintiff had reported discrimination to the Defendant, to various agents employed by the Defendant.

78. The Plaintiff had experienced ongoing harassment in the workplace from individuals concerning her complaints and requested accommodations.

79. As described above, Defendant subjected the Plaintiff to a hostile work environment on the basis of her race, sex, age, and disability.

80. Plaintiff maintains that Defendant's acts are intentional and retaliatory, and created a hostile work environment in response to the Plaintiff's assertion of her rights under the ADAAA and PHRA, and the Pennsylvania Workers' Compensation Statute, and in violation of public policy as established by the Pennsylvania Supreme Court in *Shick v. Shirey*, 716 A.2d 1231 (Pa. 1998).

81. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A) Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of Title VII, Section 1981 Violation, ADEA, ADAAA, and PHRA;

B) Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provides proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C) Order Defendant to make whole Tonya Harrison, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate her for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D) Order Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial;

E) Order Defendant to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F) Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G) Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

Respectfully submitted,

/s/ Sean A. Casey
Sean A. Casey (Pa I.D. 79806)

**SEAN A. CASEY, ATTORNEY AT LAW**
The Pickering Building
960 Penn Avenue, Suite 1001
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481
E: Sean@caseylegal.com